■ JUDITH FRIEDMAN, Respondent, v. KENNETH FEIN, Respondent, and BANKERS TRUST Co. et al., Appellants.— In a proceeding pursuant to CPLR 6214 (subd. [d]) (based upon a prior attachment order of the Supreme Court, Nassau County, dated May 7, 1973, and a levy thereunder by the Sheriff of the City of New York, New York County Division, in an action in which the plaintiff was the instant petitioner and the defendant was the instant respondent Fein) against the garnishee *inter alia* to compel it to deliver to said Sheriff certain corporate stock, Bankers Trust Co. (the garnishee) and Union Bank (a creditor of Fein's) appeal from an order of the Supreme Court, Nassau County, dated April 26, 1974, which, after a hearing, (1) determined that appellants, prior to January 2, 1973, when Bankers Trust became the agent of Union Bank, had actual and constructive notice of an alleged assignment by Fein to petitioner of a portion of the proceeds of a redemption of the subject stock, (2) directed Bankers Trust to pay over, out of the proceeds of the redemption, $18,000 to said Sheriff, (3) denied a cross motion by Bankers Trust to vacate said order of attachment and levy, without prejudice to renewal at the trial, and (4) set the action down for trial. Order reversed, on the law and the facts, without costs; proceeding dismissed; cross motion granted; and order of attachment and Sheriff's levy made thereunder vacated. In our opinion, petitioner did not perfect a security interest in the manner prescribed ·

by the Uniform Commercial Code, whereas Bankers Trust and Union Bank, by possession, did properly perfect their security interests (Uniform Commercial Code, § 9–305). The service of a prior order of attachment, dated October 17, 1972, which was later vacated, and the golf club conversation, if there was one, were insufficient to perfect petitioner's interest in the Ducommun shares and to place Bankers Trust and Union Bank on notice that on January 2, 1973 petitioner had a secured interest in the shares. Finally, the evidence does not establish that Bankers Trust or Union Bank did not act in good faith. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.